cc-1999-682                                                                1

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Orlando Báez Delgado<br>     Recurrido<br><br>     v.<br><br>Directora Administrativa de los Tribunales<br>     Peticionaria | Certiorari<br><br>2000 TSPR 33 |
| --- | --- |

Número del Caso: CC-1999-0682

Fecha: 25/02/2000

Tribunal de Circuito de Apelaciones: Circuito Regional II

Juez Ponente: Hon. Cotto Vives

Abogados de la Parte Peticionaria: Lcda. Belma Lizz Cruz Serrano

Abogados de la Parte Recurrida: Lcdo.  Alejandro Torres Rivera

Materia: Exclusión del Registro de Elegibles

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Orlando Báez Delgado

    Demandante-Recurrido

      Vs.                CC-1999-682     Certiorari

Directora Administrativa
de los Tribunales

    Demandada-Peticionaria

PER CURIAM

San Juan, Puerto Rico, a 25 de febrero de 2000.

En el presente caso procede determinar si erró el Tribunal de Circuito de Apelaciones al ordenar que se extendiera un nombramiento de Alguacil Auxiliar I al considerar que el recurrido cualificaba para el puesto. Por entender que lo procedente era devolver el caso a la Junta de Personal de la Rama Judicial para celebrar así la vista evidenciaria correspondiente, revocamos.

**I.**

La Junta de Personal de la Oficina de la Administración de Tribunales publicó una convocatoria para el puesto de Alguacil Auxiliar I.

A tal posición solicitó Báez Delgado, quien, tras aprobar los exámenes escritos requeridos, fue colocado en el Registro de Elegibles para dicho puesto. Como parte del proceso de selección se realizó una investigación de campo sobre su reputación. Al concluir la misma Báez Delgado recibió un informe investigativo desfavorable, por lo cual no se le recomendó para el puesto.

El referido informe indica que de las entrevistas realizadas se desprendía que Báez Delgado no gozaba de buena reputación ya que en las áreas en que había trabajado el personal se había quejado de la desaparición de objetos.[1]

El Director Administrativo Interino de los Tribunales (en adelante, Director Interino) basándose en el referido informe, entendió que Báez Delgado no gozaba de la reputación y cualidades necesarias para ocupar la mencionada posición. Por esta razón le excluyó del Registro de Elegibles.

De dicha determinación Báez Delgado apeló a la Junta de Personal de la Rama Judicial (en adelante, la Junta) alegando que la misma fue irrazonable, por basarse en un informe que no proveía datos concretos que lo sustentaran. Luego de ciertos incidentes procesales ante dicha entidad, el caso quedó sometido exclusivamente a base de prueba documental. La Junta confirmó la determinación del Director

---

[1] Informe investigativo rendido el 31 de enero de 1997 por el Alguacil Investigador, Sr. Julio Jurado Valentín.

Interino al concluir que Báez Delgado no refutó los hallazgos del informe investigativo.

Inconforme con tal resolución, Báez Delgado acudió al Tribunal de Circuito de Apelaciones, el cual revocó la resolución recurrida. Dicho foro, tras celebrar una vista oral, determinó que Báez Delgado estaba debidamente cualificado para el puesto, por lo cual ordenó que se le expidiera un nombramiento.

De esta decisión recurre ante nos la Directora Administrativa de los Tribunales (en adelante, la Directora). Alega, entre otras cosas,[2] que erró el foro apelativo al no dar la deferencia requerida a la resolución recurrida.

Mediante Resolución, ordenamos a Báez Delgado mostrar causa por la cual no se debía revocar la sentencia del foro apelativo. Contando con el beneficio de ambas comparecencias, procedemos a resolver según intimado.

**II.**

La Junta fue creada por la Ley Núm. 64 del 31 de mayo de 1973, conocida como la Ley de Personal para la Rama Judicial.[3] Según dispone el artículo VI de su Reglamento[4] la

---

2 La Directora alega, además, que el Tribunal de Circuito de Apelaciones erró al: 1) determinar que se violó el debido proceso de ley al inferir que la investigación de campo realizada es una medida disciplinaria y; 2) concluir que la determinación de la Junta fue tomada sin confrontar a Báez Delgado con la prueba recopilada en su contra. Debido al curso decisorio al que llegamos no es necesario atender estos señalamientos.
3 4 L.P.R.A. sec. 521, *et seq.*
4 Aprobado el 30 de agosto de 1974, 4 L.P.R.A. Ap. XIV.

Junta tiene facultad para investigar y revisar las determinaciones tomadas por la autoridad nominadora en aquellos casos de empleados, funcionarios o personas particulares afectados por dichas determinaciones. El Artículo II del referido Reglamento[5] define autoridad nominadora como:

> El Juez Presidente del Tribunal Supremo de Puerto Rico o la persona en quien éste delegue, en todo lo que no sea incompatible con la disposición constitucional sobre los nombramientos de los jueces y de la facultad nominadora que ostentan los Jueces Asociados del Tribunal Supremo y de éste en pleno sobre empleados del Servicio Central, y el Director Administrativo de los Tribunales.

Igualmente, la Junta puede citar testigos,[6] celebrar vistas[7] y aplicar los mecanismos de descubrimiento de prueba[8] y las disposiciones de la Ley de Evidencia.[9]

Según adelantamos, Báez Delgado apeló a la Junta para revisar la determinación tomada por el Director Interino, quien concluyó que el recurrido no gozaba de la reputación necesaria para ser alguacil. Como mencionáramos anteriormente, el caso quedó sometido ante la Junta exclusivamente a base de prueba documental, sin que se celebrase una vista evidenciaria. Esto pues, Báez Delgado no solicitó que se celebrara una vista evidenciaria en la que

---

[5] 4 L.P.R.A. Ap. XIV. Sec. II.
[6] *Id.* sec. XI(f).
[7] *Id.* sec. XII.
[8] *Id.* sec. IX.
[9] *Id.* sec. XIII. Cabe señalar que las referencias hechas en el Reglamento son a los cuerpos procesales anteriores a las actuales Reglas de Procedimiento Civil y las Reglas de

pudiese rebatir las conclusiones del informe y presentar sus propios testigos.

La prueba documental consistía, principalmente, de los siguientes documentos: 1) estipulaciones de que ciertos testigos de Báez Delgado no fueron entrevistados por el Director Interino al realizar el informe investigativo impugnado; 2) documento firmado por el Sr. Edwin Vázquez, testigo de Báez Delgado, que recoge lo que declararía en la vista; 3) el informe investigativo impugnado; 4) ciertos reconocimientos otorgados a Báez Delgado, los cuales, según entiende, demuestran que está cualificado para el puesto. Estos documentos son: a) memorando a empleados que cooperaron en la mudanza de la Sección de Archivo y Correspondencia de este Tribunal; b) carta firmada por el entonces Juez Presidente Hon. Víctor M. Pons Nuñez donde agradece la rapidez con la cual todos los que participaron en la mudanza lograron realizar el trabajo; c) certificado por cinco (5) años de servicio en la Rama Judicial; d) certificado de reconocimiento por la labor realizada en el ambiente de limpieza del Centro Judicial de Bayamón y; e) reconocimiento en el Día del Encargado del Servicio de Limpieza otorgado por la Oficina de la Administración de los Tribunales.

Como podrá apreciarse, resulta meridianamente claro que dicha prueba, tanto la ofrecida por la Directora como la aportada por Báez Delgado, de ningún modo arroja luz sobre la

---

Evidencia. Esto pues dicho Reglamento fue aprobado con anterioridad a las mismas.

capacidad de Báez Delgado para desempeñarse como alguacil. Sin lugar a dudas, la misma es insuficiente para dirimir los aspectos concernientes a su reputación. Aunque le correspondía a Báez Delgado demostrar que estaba cualificado para la posición, el informe presentado por la Directora no provee suficiente información para que la Junta pudiese hacer determinaciones de hechos sin celebrar una vista. Por su parte, la prueba ofrecida por Báez Delgado consiste de ciertos certificados de premiación que tampoco arrojan luz sobre su capacidad para desempeñarse como alguacil.

Sin embargo, a pesar de la deficiencia de la prueba documental y a pesar de que existe controversia sobre si Báez Delgado posee la reputación necesaria para ser alguacil, la Junta resolvió el caso de autos exclusivamente a base de prueba documental sin celebrar una vista evidenciaria, confirmando así la determinación del Director Interino.

Este curso de acción pasa por alto el rol de la Junta en el caso de marras. Como anticipamos, dicha entidad está concebida para ser un organismo de récord,[10] con facultad para citar testigos,[11] celebrar vistas[12] y realizar determinaciones de hechos y conclusiones de derecho.[13]

Cabe resaltar que la determinación a la que llegó el Director Interino no fue tomada luego de confrontar a Báez Delgado con la prueba en su contra. Precisamente la Junta es

---

10 4 L.P.R.A. Ap. XIV. Sec. III.
11 *Id.* sec. XI(f).
12 *Id.* sec. XII.
13 *Id.* sec. XIV(a).

el foro llamado para llegar a tal determinación, luego de la correspondiente vista evidenciaria.

Somos del parecer que en el caso de autos una cuestión de tal importancia, como lo es dirimir la reputación de Báez Delgado para ser alguacil, no podía disponerse livianamente sin la celebración de la correspondiente vista evidenciaria. Ciertamente no es necesario que en todos los casos la Junta celebre una vista evidenciaria para dirimir las controversias que tenga ante sí. Sin embargo, consideramos que como Báez Delgado era un empleado de carrera en la Administración de los Tribunales la denegación de un nombramiento de alguacil basada en sus cualidades y reputación, precisamente en el desempeño de sus funciones regulares, requería la celebración de una vista evidenciaria. Debe recordarse que existen importantes intereses que hay que salvaguardar en este tipo de controversias. La delicada función de seguridad y administración de la justicia que desempeñan los alguaciles en nuestros tribunales y el derecho del recurrido a refutar la prueba en su contra ameritan el más cuidadoso análisis.

En el caso de marras la controversia principal, la reputación de Báez Delgado para ser alguacil, nunca fue dirimida. La Junta, teniendo la facultad para atender la misma en una vista evidenciaria donde se pasara juicio sobre la credibilidad de los respectivos testigos, resolvió el caso a base un expediente insuficiente. No podemos favorecer que, existiendo controversias sobre hechos esenciales, se tome una determinación con prueba documental insuficiente en un caso

en que los intereses a salvaguardarse son de la más alta jerarquía.

La Junta, ante tal insuficiencia de prueba, debió celebrar la correspondiente vista evidenciaria para así dirimir la controversia que tenía ante sí. Claramente, el caso presenta importantes intereses que ameritan el más cuidadoso análisis. Igualmente, aun quedan controversias esenciales por dirimir ante la Junta, tales como si en efecto Báez Delgado no goza de la reputación necesaria para ser alguacil. En tales circunstancias la Junta no podía abdicar su facultad revisora. Dicha entidad posee los mecanismos adecuados para dilucidar este tipo de controversias de suerte que no se lleguen a decisiones injustas y erróneas. El caso de marras, por la cuestión que plantea, requería que se dilucidara plenamente en una vista evidenciaria. Por ende, erró la Junta al prescindir de ésta y adjudicar la controversia a base de prueba documental insuficiente.

## III.

Igualmente, erró el Tribunal de Circuito al no enmarcar el caso de autos dentro de este trámite e intentar compensar la ausencia de prueba mediante la celebración de una vista oral apelativa. Este tipo de vista no compensa la insuficiencia de prueba existente. En la misma no se interrogó a los testigos correspondientes, sino sólo a la representación legal de las partes. El foro apropiado para celebrar la vista evidenciaria era la Junta para que así,

con los testigos pertinentes, se tomase la determinación que procediese.

En este caso el rol del Tribunal de Circuito era dilucidar si la Junta erró al llegar a una determinación exclusivamente a base de prueba documental a pesar de que existían controversias sustanciales por dirimirse. A dicho foro no le correspondía suplantar a la Junta para así dilucidar si Báez Delgado estaba capacitado para el puesto. Por ende, no procedía extenderle un nombramiento.

Por lo tanto, dados los hechos particulares del caso, donde existen cuestiones de hechos aun pendientes de dirimirse e importantes intereses que salvaguardar, consideramos que no podía adjudicarse el caso de autos a base de prueba documental insuficiente y sin la celebración de la correspondiente vista evidenciaria. Así, concluimos que erró el foro apelativo al no atender este asunto e intentar suplantar el rol de la Junta.

Por los fundamentos que preceden, revocamos el dictamen del foro apelativo y devolvemos el caso a la Junta para que continúen los procedimientos conforme lo aquí resuelto.

Se dictará la Sentencia correspondiente.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Orlando Báez Delgado

    Demandante-Recurrido

       Vs.                   CC-1999-682     Certiorari

Directora Administrativa
de los Tribunales

    Demandada-Peticionaria


SENTENCIA


San Juan, Puerto Rico, a 25 de febrero de 2000.


Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente, se revoca la sentencia del Tribunal de Circuito de Apelaciones. Se devuelve el caso a la Junta de Personal de la Rama Judicial para que continúen los procedimientos conforme lo aquí resuelto.

Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Andréu García inhibido. El Juez Asociado señor Rebollo López no interviene.


Isabel Llompart Zeno
Secretaria Tribunal Supremo